**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

CITY OF GLENDALE, WISCONSIN, and
NICOLET UNIFIED HIGH SCHOOL DISTRICT,

    Plaintiffs,

    v.                                              Case No. 10-C-0057

VILLAGE OF RIVER HILLS, WISCONSIN,

    Defendant.

## **DECISION AND ORDER**

### **NATURE OF CASE**

On November 29, 2009, the plaintiffs, City of Glendale (Glendale) and Nicolet Unified High School District (Nicolet), filed this action in Milwaukee County Circuit Court requesting declaratory and injunctive relief pursuant to Wis. Stat. § 806.04. The plaintiffs alleged that a Village of River Hills' (River Hills) traffic project closing Green Tree Road to eastbound traffic at the intersection of River Road for a certain distance east from the intersection was "unlawful." (Complaint ¶ 12). River Hills filed a motion to dismiss the complaint in state court for failure to state a claim upon which relief may be granted based on River Hills' assertion that it is specifically authorized by statute to take the action it took.

On January 6, 2010, the plaintiffs filed an amended complaint adding constitutional claims. Specifically, the plaintiffs allege that the defendant violated the Equal Protection Clauses of Art. I, § 1 of the Wisconsin Constitution and the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983 when it adopted a plan to partially, but permanently, restrict traffic flow on Green Tree Road, east of River Road. The plaintiffs assert that the

adopted plan discriminates between the favored class, property owners on Green Tree Road east of River Road, and the disfavored class, property owners on Green Tree Road west of River Road and property owners on River Road north of Green Tree Road. The plaintiffs seek a declaration that the action of the River Hills has violated and will continue to violate the equal protection clauses. The plaintiffs also contend that the defendant acted under color of law and seek a permanent injunction pursuant to 42 U.S.C. § 1983, prohibiting River Hills from implementing the project and from closing Green Tree Road to eastbound traffic at the intersection of River Road for a certain distance east from the intersection.

Plaintiff Glendale alleges in the amended complaint that it is bringing its claim "on its own behalf and on behalf of all Glendale residents" and plaintiff Nicolet alleges that it is bringing the action "on its own behalf and on behalf of all students and invitees of Nicolet High School." (Amended Complaint ¶ 2). On January 22, 2010, the defendant removed the case to federal court in the Eastern District of Wisconsin.

The case was assigned to this court according to the random assignment of civil cases pursuant to 28 U.S.C. § 636(b)(1)(B) and General Local Rule 72(a) (E.D. Wis.). The parties have consented to United States magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) and General Local Rule 73 (E.D. Wis.).

The defendant filed a motion to dismiss the plaintiffs' amended complaint pursuant to Fed. R. Civ. P. 12(b)(6). (Docket # 4). The plaintiffs filed a response to the defendant's motion to dismiss, as well as a motion for summary judgment. Subsequently, the court held the briefing schedule for the plaintiffs' motion for summary judgment in abeyance pending the court's ruling on the defendant's motion to dismiss. The defendant then filed a reply brief. On March 28, 2011, the parties asked the court to withhold a decision on the pending motion for a period of

30 days while they explored a possible resolution of the case. The court granted the parties' request. By letter filed April 26, 2011, the court was advised that the parties' attempt to reach a resolution was unsuccessful. The defendant's motion to dismiss is now ready for resolution and will be addressed herein.

## DEFENDANT'S MOTION TO DISMISS

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted. See Fed. R. Civ. P. 12(b)(6). To state a cognizable claim under federal notice pleading, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and the statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 [1957]). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 555).

## FACTUAL ALLEGATIONS OF THE AMENDED COMPLAINT

The amended complaint contains the following allegations. The plaintiff, City of Glendale, is a municipal corporation and is bringing this action on its own behalf and on behalf of all Glendale residents. The plaintiff, Nicolet Unified High School District, is a Wisconsin school district bringing this action on its own behalf and on behalf of all students, staff, and invitees of Nicolet High School. The defendant, Village of River Hills, is a municipal corporation that has proposed and adopted a plan that would alter the traffic pattern in an area adjacent to Nicolet High School. Both plaintiffs share an interest in promoting and ensuring public safety and safe

and adequate traffic circulation in their respective geographical areas, specifically the area of this adopted plan.

The defendant's plan entails partially closing Green Tree Road by reducing Green Tree Road to westbound traffic only at the intersection of Green Tree Road and River Road, except for emergency vehicles, maintenance vehicles, school buses, or bicycles.  According to the plaintiffs' amended complaint, both the temporary and permanent measures to implement this plan will increase safety hazards.  The adopted plan discriminates between property owners.  The disfavored class, owners of property in Glendale on Green Tree Road west of River Road and owners of property in River Hills on River Road north of Green Tree Road, will no longer be able to travel east on Green Tree Road past River Road.  The favored class, owners of property in River Hills on Green Tree Road east of River Road, will still be able to travel east on Green Tree Road.

## **ANALYSIS**

In filing this motion to dismiss, defendant River Hills asserts that it was within its legal right to close Green Tree Road to eastbound traffic at River Road within its geographical boundaries.  The defendant further asserts that the plaintiffs are not proper plaintiffs and lack standing to bring an action pursuant to 42 U.S.C. § 1983.  The defendant also maintains that the plaintiffs have no constitutional rights under the equal protection clause and no standing to bring Fourteenth Amendment claims on behalf of themselves or others.  Finally, the defendant asserts that the plaintiffs fail to state any other claims upon which relief may be granted.

In response, the plaintiffs contend that the defendant's assertion that they cannot bring this action for the deprivations of civil rights misses the point that the amended complaint states that "Glendale brings this action on its own behalf and on behalf of all Glendale residents" and

that "Nicolet brings this action on its own behalf and on behalf of all students, staff and invitees of Nicolet High School." (Amended Complaint, ¶¶ 2, 3). The plaintiffs further assert that Fed. R. Civ. P. 17(a)(1)(G) specifically authorizes suits in a representative capacity without joining all the residents of Glendale or all the students, staff and invitees of the high school.

The court initially will address whether the plaintiffs have standing to bring an action pursuant to 42 U.S.C. § 1983. Regarding the defendant's contention that the plaintiffs lack standing to bring this 1983 action, a party who has standing is entitled to have the court decide the merits of the dispute or of certain issues. Milwaukee v. Saxbe, 546 F.2d 693, 697 (1976). The general rule is that a plaintiff must allege an actual case or controversy within the meaning of Article III to meet the constitutional element of standing. Warth, 422 U.S. at 498. To establish standing, a plaintiff must demonstrate that he has "suffered an injury in fact – an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, and not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of . . .. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Lujan, 504 U.S. at 560 (internal quotations omitted). Courts have also imposed prudential limitations in addition to the constitutional limitations on standing. Massey v. Helman, 196 F.3d 727, 739 (7th Cir. Ill. 1999). A litigant cannot assert the legal rights of a third party, but instead, he must assert his own legal rights. Id.

It is well established in federal courts that municipalities "cannot challenge the validity of a state statute under the Fourteenth Amendment because they are 'creatures and instrumentalities of the state.'" Village of Arlington Heights v. Regional Transp. Authority, 653 F.2d 1149, 1151-52 (7th Cir. 1981) (citing cases). This principle applies 'whether the defendant

- 5 -

is the state itself or another of the state's political subdivisions.'" Id. at 1153 (quoting City of South Lake Tahoe v. California Tahoe Regional Planning Agency, 625 F.2d 231, 233 [9th Cir. 1980]).

The Fourteenth Amendment to the Constitution provides that no State shall "deprive any person of life, liberty or property, without due process of law; nor deny any person within its jurisdiction the equal protection of the laws." A municipality is not a "person" within the meaning of the Fourteenth Amendment and, therefore, cannot invoke its protection. City of E. St. Louis v. Circuit Court for the Twentieth Judicial Circuit, 986 F.2d 1142, 1144 (7th Cir. 1993).

Section 1983 provides:

Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State or Territory, subjects or causes to be subjected, any citizen of the United States, or any other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Section 1983 "'is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes.'" Barbara Z. v. Obradovich, 937 F. Supp. 710 (N.D. Ill. 1996) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 [1979]). Thus, the principle that municipalities cannot challenge the validity of a state statute under the Fourteenth Amendment because they are creatures and instrumentalities of the state also operates to bar plaintiffs' claims under 42 U.S.C. § 1983. Village of Arlington Heights, 653 F.2d at 1152 n.6 (quoting Chapman v. Houston Welfare Rights Organization, 441 U.S. 600, 617-18 [1979]). Additionally, while municipalities are persons liable for constitutional torts under § 1983, Monell v. Department of Social Services, 436 U.S. 658, 690 (1978), they are not persons capable of bringing suit under § 1983. Rockford

Board of Education School District No 205 v. Illinois State Board of Education, 150 F.3d 686, 688 (7th Cir. 1998).

Nevertheless, plaintiffs Glendale and Nicolet assert that because the amended complaint states that "Glendale brings this action on its own behalf and on behalf of all Glendale residents" and that "Nicolet brings this action on its own behalf and on behalf of all students, staff and invitees of Nicolet High School,' the action is properly brought as a representative action authorized by Fed. R. Civ. P. 17(a)(1)(G). Rule 17(a)(1)(G) provides:

> An action must be prosecuted in the name of the real party in interest. The following may sue in their own names without joining the person for whose benefit the action is brought . . . a party authorized by statute.

Plaintiff Glendale asserts that it is authorized by Wis. Stat. §§ 120.13, 120.10(14) and 120.15(3) to act "for the government and good order of the city" and "for the health, safety, and welfare of the public." Plaintiff Nicolet maintains that it is authorized to do "all things reasonable to promote the cause of education," including directing and providing for the prosecution of any action or proceeding in which the school district is interested.

Rule 17(a) is titled "Real Party in Interest" and is a "means to identify the person who possesses the right sought to be enforced." 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1542, at 469 (3d ed. 2010). Rule 17(a) "is a procedural rule requiring that the complaint be brought in the name of the party to whom that claim 'belongs' or the party who 'according to the governing substantive law, is entitled to enforce the right.'" Rawoof v. Texor Petroleum Co., 521 F.3d 750, 756 (7th Cir. Ill. 2008) (quoting Oscar Gruss & Son, Inc. v. Hollander, 337 F.3d 186, 193 [2d Cir. 2003]).

Rule 17(a)(1) states that "a party authorized by statute" may sue in that person's own name without joining the party for whose benefit the action is brought. "Thus, an entity is a real

party in interest in whose name a lawsuit may be prosecuted, when it is statutorily authorized to bring suit to enforce a claim." In re Davis, 194 F.3d 570, 578 (5th Cir. 1999); In re Integrated Agri, Inc., 313 B.R. 419, 427 (Bankr. C.D. Ill. 2004). "The statutory right to sue must stem from the substantive law controlling the action and may be granted either by state or by federal law." 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure: Civil 3d § 1550; In re Davis, 194 F.3d at 578 (citing Wright, Miller & Kane).

Rule 17 is "concerned only with whether an action can be maintained in the plaintiff's name" and "that question is resolved in this case by federal law." See Rawoof, 521 F.3d at 756. This amended complaint in this case alleges a federal claim and, therefore, federal rules of procedure and standing govern. Thus, even if the court were to assume that the Wisconsin statutes cited by the plaintiffs give them a "statutory right to sue," it does not stem from the substantive law controlling the action. Accordingly, the plaintiffs are not real parties in interest. Moreover, a plaintiff must be both a real party in interest and have standing. See Rawoof, 521 F.3d at 756. The plaintiffs lack standing to bring an equal protection claim under 42 U.S.C. §1983. Therefore, the court lacks jurisdiction over their federal claims. See City of East St. Louis, 986 F.2d at 1144. Accordingly, the defendant's motion to dismiss as it relates to the plaintiff's lack of standing will be granted.

Jurisdiction over any state law claims in the complaint is based on the supplemental jurisdiction statute, 28 U.S.C. §1367. Section 1367(a) provides in relevant part:

> In any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case of controversy under Article III of the United States Constitution.

In this case, the court lacks subject matter jurisdiction over the plaintiffs' federal claims and, therefore, does not have supplemental jurisdiction over their state law claims. Accordingly, the court will remand this case to the Milwaukee County Circuit Court.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the defendant's motion to dismiss be and hereby is granted in part. (Docket #4).

**IT IS ALSO ORDERED** that the plaintiffs' claims under 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution be and hereby are dismissed.

**IT IS FURTHER ORDERED** the plaintiffs' state law claims are remanded to the Milwaukee County Circuit Court for further proceedings.

Dated at Milwaukee, Wisconsin this 6th day of June, 2011.

BY THE COURT:

   s/ Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge